UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

*FILED 2008 DEC 22 AM 11: 49 U.S. DISTRICT COURT MIDDLE DISTRICT OF FLORIDA ORLANDO, FLORIDA*

JODIE JOHNSON,

Plaintiff,

vs.          Case No.: 6:08-cv-2158-ORL-22GJK

FENCE OUTLET, INC.,

Defendant.

_____/

## COMPLAINT

1. Plaintiff, JODIE JOHNSON (hereinafter referred to as "Plaintiff"), was an employee of Defendant FENCE OUTLET, INC. a Florida Corporation, and (hereinafter referred to as "Defendant"), and brings this action on behalf of herself and other similarly situated employees of DEFENDANT for overtime compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq.

2. At all times material hereto, Plaintiff performed non-exempt duties as a driver and warehouse worker for the DEFENDANT in Orange County, Florida, within the jurisdiction and venue of this Court.

3. Plaintiff, JODIE JOHNSON, was hired by DEFENDANT in approximately January, 2008 and worked for DEFENDANT through approximately September, 2008.

4. Based upon the information preliminarily available, and subject to discovery in this cause, Plaintiff's typical weekly schedule, which was sometimes longer, included five (5) days per week, for an understated average of about forty-five (45) hours per work week. Additionally, Plaintiff was often times required to work through her lunch time. The lunch times were often automatically docked despite the fact that Plaintiff frequently worked through her lunch. Plaintiff specifically wrote "NO LUNCH TAKEN" on several time cards to no avail. Plaintiff was paid $12.00 per hour for the hours she worked, and was infrequently paid at an overtime rate. Plaintiff worked in excess of forty (40) hours per week during her entire tenure working for DEFENDANT.

5. Working from an assumption (and subject to discovery in this cause) that Plaintiff, JODIE JOHNSON, was not paid at a time and one half rate for all hours worked in excess of 40 hours per week, she would be due an additional one and one half-time payment for each of the approximate 5 hours in all such work weeks. All such amounts are subject to amendment based upon the discovery which has not yet started in this cause or based upon the results of continued litigation.

6. Defendant, FENCE OUTLET, INC. owns and/or operates a transportation company for profit in Orange County, Florida, and employs persons such as Plaintiff and other similarly situated employees to work on its behalf in providing labor for its practice. This Corporate Defendant is within the personal jurisdiction and venue of this Court.

7. DEFENDANT directly or indirectly acted in the interest of an employer towards

Plaintiff and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

8. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of DEFENDANT.

9. This cause of action is brought to recover from DEFENDANT overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) on behalf of Plaintiffs and all other current and former employees similarly situated during the material time.

10. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff are in the possession and custody of DEFENDANT.

11. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of DEFENDANT.

12. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1331 and by 29 U.S.C. §216(b). At all times pertinent to this Complaint, the corporate Defendant, FENCE OUTLET, INC. was an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203 (s). Based upon information and belief, the annual gross sales volume of the corporate Defendant was in excess of $500,000.00 per annum at all times material hereto. Alternatively, the Plaintiff and those similarly

situated employees worked in interstate commerce so as to fall within the protections of the Act.

13. At all times pertinent to this complaint, DEFENDANT failed to comply with Title 29U.S.C. § 201 et seq., in that Plaintiff and those similarly situated employees performed services and labor for DEFENDANT for which DEFENDANT made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty within a work week.

14. The additional persons who may become Plaintiffs in this action are DEFENDANT' non-exempt employees who have worked in excess of Forty (40) hours during one or more work weeks on or after December 2005 and did not receive time and one-half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

15. Plaintiff has retained the law office of Card & Glenn, P.A. to represent her individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

16. Plaintiff realleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 15 above.

17. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for

each hour worked in excess of Forty (40) hours per work week.

18. All similarly situated employees of DEFENDANT are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

19. DEFENDANT knowingly and willfully failed to pay Plaintiff and the other similarly situated to her at time and one half of their regular rate of pay for all hours worked in excess of Forty (40) hours per week.

20. By reason of the said intentional, willful, and unlawful acts of DEFENDANT, Plaintiff and those similarly employees have suffered damages plus incurring costs and reasonable attorneys' fees.

21. As a result of DEFENDANT' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

22. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, JODIE JOHNSON, and those similarly situated to her who have or will opt into this collective action, demand judgment, jointly and severally, against DEFENDANT, FENCE OUTLET, INC. for the payment of compensation for all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief including prejudgment interest.

Dated: December 19, 2008                    Respectfully submitted,

/s/ Andrew I. Glenn
Andrew I. Glenn
E-mail: Andrew@floridaovertimeattorneys.com
Florida Bar No.: 577261
J. Dennis Card, Jr.
E-mail: Dennis@floridaovertimeattorneys.com
Florida Bar No. 0487473
Card & Glenn, P.A.
2131 Hollywood Boulevard, Suite 405
Hollywood, Florida 33020
Telephone: (954) 921-9994
Facsimile: (954) 921-9553
Attorneys for Plaintiff